### EDDERY v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Division, Second Department.  December 24, 1915.)

1. MASTER AND SERVANT ⬯286—ACTION FOR DEATH—QUESTIONS FOR JURY.

In an action for the death of an elevated railway trackwalker, killed by the turning of a plank over an opening incidental to the work of a contractor engaged in lowering the elevated railway, where there was evidence of the use of such planks, not only by employés of the contractor, but by employés of the railway company, including other trackwalkers, and it was testified that this use was frequent, and participated in by trackwalkers both at night and openly in the daytime, whether the railway company had actual or imputable knowledge that its trackwalkers were using such plank in going about their duties was a question for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. ⬯286.]

2. APPEAL AND ERROR ⬯1006—REVIEW—QUESTIONS OF FACT—SUCCESSIVE VERDICTS.

That in an action for death three juries have found for plaintiff does not relieve the appellate division from a careful scrutiny of the testimony to ascertain whether the judgment is sustainable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3951–3954; Dec. Dig. ⬯1006.]

Jenks, P. J., dissenting.

Appeal from Trial Term, Westchester County.

Action by Mary Eddery, as administratrix of Andrew Eddery, deceased, against the Interborough Rapid Transit Company. From a judgment in favor of plaintiff, and from an order denying its motion for a new trial, defendant appeals. Affirmed.

See, also, 161 App. Div. 949, 146 N. Y. S. 1089.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

William E. C. Mayer, of New York City (Terence Farley, of New York City, on the brief), for appellant.

Thomas J. O'Neill, of Yonkers (L. F. Fish, of New York City, on the brief), for respondent.

PER CURIAM.  [1, 2] Upon this third trial (see 150 App. Div. 761, 135 N. Y. Supp. 170;  161 App. Div. 949, 146 N. Y. Supp. 1089), the evidence showed a use of these inclined planks, not only by em-

ployés of the contractor, but also by employés of defendant, including other trackwalkers besides deceased; and this use was testified to as frequent and participated in by trackwalkers, both by night and openly in the daytime. The issue whether defendant had actual or imputable knowledge that its trackwalkers actually used these planks in going about their duties upon this elevated structure was fairly before the jury. While it is urged that three juries having found for plaintiff must carry special weight, and even imports a finality, such cumulative verdicts do not relieve this court from a careful scrutiny of the testimony to ascertain whether this judgment now under review is sustainable. Upon such examination of the present record, we find no reversible error in course of the trial, and in view of the later and ampler proofs, we cannot pronounce the verdict against the weight of the evidence.

Therefore the judgment and order are affirmed, with costs.

JENKS, P. J., dissents.